IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A.A., a minor, by and through<br>his guardians and next friends,<br>N.A. and S.A. | ) <br> ) <br> ) <br> ) | CASE NO.: |
| -and- | ) <br> ) | |
| N.A. | ) <br> ) <br> ) | **COMPLAINT** |
| -and- | ) <br> ) | |
| S.A. | ) <br> ) | **Jury Demand Endorsed Hereon** |
| Plaintiffs, | ) <br> ) <br> ) | |
| vs. | ) <br> ) | |
| SUMMIT EDUCATIONAL SERVICE<br>CENTER | ) <br> ) <br> ) <br> ) | |
| -and- | ) <br> ) | |
| ASHLIE BELL | ) <br> ) | |
| -and- | ) <br> ) | |
| MICHELLE TRICKETT | ) <br> ) | |
| -and- | ) <br> ) | |
| KIMBERLY MEEKER | ) <br> ) | |
| -and- | ) <br> ) | |
| KRISTEN NOWAK | ) <br> ) | |
| -and- | ) <br> ) | |
| KRISTIN FAZIO | ) <br> ) | |
| Defendants. | ) <br> ) | |

1

Now come Plaintiffs A.A., a minor, by and through his guardians and next friends, N.A. and S.A., and N.A. and S.A., in their individual capacities, by and through undersigned counsel, and for their Complaint against Defendants Summit Educational Service Center, Ashlie Bell, Kimberly Meeker, Michelle Trickett, Kristen Nowak, and Kristin Fazio, state as follows:

## I.    PRELIMINARY STATEMENT

1.    Plaintiffs are a five-year-old autistic child ("A.A") and his parents ("N.A." and "S.A."). A.A.'s autism is so severe that he is essentially nonverbal. When placed in situations created with the intention of evoking a negative response from A.A, it is impossible for A.A. to control his emotions. Consequently, because A.A. is unable to communicate his feelings verbally, A.A.'s reaction in such situations is manifested through physical conduct.

2.    A.A., and other autistic and disabled children, are among the most vulnerable members of our society. Children such as A.A. are unable to defend themselves against physical or verbal abuse. Their wellbeing depends entirely upon members of our society dedicated to caring for, protecting, and treating these children with the respect and love they deserve in safe and compassionate environments. Unfortunately, as described in this Complaint, Summit Educational Service Center ("SESC") and its officials, supervisors, and employees unlawfully, injuriously, and punitively abused and neglected A.A.; created a harassing, intimidating, and discriminatory environment; failed to notify proper authorities of the abuse inflicted upon A.A.; and, never communicated to A.A.'s parents, N.A. and S.A., that he was repeatedly and consistently the victim of physical, mental, and emotional abuse at the hands of the SESC employees whom they trusted to care for and educate him on a daily basis.

3.    While a student in the preschool program at Brimfield Elementary School ("Brimfield"), which was administered and staffed by SESC, A.A. was subjected to gratuitous and

entirely unjustified physical and emotional violence and abuse at the hands of his teacher, Ashlie Bell ("Bell"), and his teacher's aide, Michelle Trickett ("Trickett"). This abuse was either deliberately ignored and/or condoned by those responsible for supervision and oversight of SESC's preschool program at Brimfield, including SESC Student Services/Preschool Coordinators Kim Meeker ("Meeker") and Kristen Nowak ("Nowak"), SESC Director of Student Services Kristin Fazio ("Fazio"), and potentially other SESC officials.  The violence and abuse inflicted upon A.A. had no relationship whatsoever to any legitimate educational or pedagogical purpose. Rather, the violence and abuse was intentionally directed toward A.A. for the sole purpose of inflicting both physical and emotional pain and trauma upon A.A., in direct violation of his legal rights.  The conduct of SESC, Meeker, Nowak, Fazio, Bell, and Trickett (collectively, "Defendants") towards A.A. was brutal and inhumane and demonstrated an intentional, reckless and/or wanton disregard of A.A.'s legally protected rights.  As a result of this conduct, A.A., and his parents, N.A. and S.A., suffered significant injuries which no disabled child and his parents should ever have to endure.

4.     A.A. and his parents bring this action to ensure that justice is served for Defendants' intentional, reckless and/or malicious conduct, and that Defendants will never again engage in the malicious conduct that caused Plaintiffs such significant injuries at the expense of another defenseless student.  Plaintiffs also seek to obtain monetary compensation and punitive damages for their permanent and significant injuries, for the intentional, reckless and egregious violations of their rights under the United States Constitution, federal law, and state law, and for their attorney fees, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794a, 42 U.S.C. § 12205, and Ohio law.

5.     A.A. represents the most vulnerable of our citizenry.  No child should suffer abuse and neglect at the hands of his or her teachers, let alone a child who is disabled and not only unable

to protect himself or herself, but who is incapable of even communicating to his or her parents that such abuse is taking place.  And no entity administering and overseeing an educational program that is aware its teachers and aides are abusing the very students that it is entrusted to protect, which, rather than immediately ending such abuse, permits it to continue and/or condones such conduct, should escape the ramifications of its actions or inactions.  Defendants must now answer for the injuries and damages that A.A. and his parents suffered as a result of their intentional, deliberate, reckless, malicious, and wanton misconduct.

## II.  <u>JURISDICTION AND VENUE</u>

6.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because of the federal claims involved, including those arising under the United States Constitution, 42 U.S.C. § 1983, 29 U.S.C. § 701, et seq., and 42 U.S.C. § 12101, et seq.

7.      This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendants reside and transact business within this District, and the conduct complained of occurred within this District.

## III.  <u>PARTIES</u>

9.      A.A. is a minor autistic child who, at all relevant times herein, resided in Portage County, State of Ohio, and attended a preschool program at Brimfield administered and operated by SESC.

10.     N.A. and S.A. are A.A.'s biological and custodial father and mother who, at all relevant times herein resided with A.A. in Portage County, State of Ohio.

11.     Summit Educational Services Center ("SESC") is an entity operating under the laws of the State of Ohio and is authorized to sue and be sued for its acts and those of its agents and employees.  SESC has its primary place of business in Cuyahoga Falls, Summit County, State of Ohio.  At all relevant times herein, SESC employed, trained, and/or supervised the individual Defendants and had authority over how A.A. was treated while he attended the SESC preschool program at Brimfield.  SESC is a political subdivision as defined by Ohio Revised Code § 2744.01(F).

12.     Ashlie Bell ("Bell"), at all relevant times herein, was A.A.'s preschool teacher.  Bell resides in Portage County, Ohio.  Upon information and belief, Bell was hired, trained, and supervised by SESC, Meeker, Nowak, and Fazio.  Bell is being sued in both her official and individual capacities.

13.     Michelle Trickett ("Trickett"), at all relevant times herein, was A.A.'s teacher's aide.  Trickett resides in Portage County, Ohio.  Upon information and belief, Trickett was hired, trained, and supervised by SESC, Meeker, Nowak, and Fazio.  Trickett is being sued in both her official and individual capacities.

14.     Kimberly Meeker ("Meeker"), at all relevant times herein, was the Student Services/Preschool Coordinator for SESC and, in such capacity, was responsible for overseeing the preschool program at Brimfield and for training and supervising the staff at SESC's preschool program at Brimfield, including Bell and Trickett.  Meeker resides in Summit County, Ohio.  Upon information and belief, Meeker was a final policy-maker for SESC and was a decision-maker with regard to directing and controlling Bell's and Trickett's conduct, reporting their abuse to authorities, and failing to inform A.A.'s parents of the abuse he suffered at the hands of Bell and Trickett.  Meeker is being sued in both her official and individual capacities.

15.     Kristen Nowak ("Nowak"), at all relevant times herein, was the Student Services/Preschool Coordinator for SESC and, in such capacity, was responsible for overseeing the preschool program at Brimfield and for training and supervising the staff at SESC's preschool program at Brimfield, including Bell and Trickett.  Nowak resides in Cuyahoga County, Ohio.  Upon information and belief, Nowak was a final policy-maker for SESC and was a decision-maker with regard to directing and controlling Bell's and Trickett's conduct, reporting their abuse to authorities, and failing to inform A.A.'s parents of the abuse he suffered at the hands of Bell and Trickett.  Nowak is being sued in both her official and individual capacities.

16.     Kristin Fazio ("Fazio"), at all relevant times herein, was the Director of Student Services for SESC and, in such capacity, was responsible for overseeing the preschool program at Brimfield and for training and supervising the staff at SESC's preschool program at Brimfield, including Bell and Trickett.  Fazio resides in Lorain County, Ohio.  Upon information and belief, Fazio was a final policy-maker for SESC and was a decision-maker with regard to directing and controlling Bell's and Trickett's conduct, reporting their abuse to authorities, and failing to inform A.A.'s parents of the abuse he suffered at the hands of Bell and Trickett.  Fazio is being sued in both her official and individual capacities.

## IV.  FACTS

17.     A.A. is a minor autistic child.

18.     A.A.'s autism is so severe that he is essentially nonverbal.

19.     At all relevant times herein, A.A. was a four-year-old attending SESC's preschool program at Brimfield.  A.A.'s teacher was Bell and his teacher's aide was Trickett.  Meeker and Nowak, as SESC's Student Services/Preschool Coordinators, and Fazio, as SESC's Director of

6

Student Services, were in charge of overseeing SESC's preschool program at Brimfield and were responsible for hiring, supervising, disciplining, and training Bell and Trickett.

20.     Prior to the physical, mental, and emotional abuse he suffered while attending SESC's preschool program at Brimfield, A.A. was progressing both socially and behaviorally. This progress included, but was not limited to:

    a.   Sleeping more regularly at night and for longer periods of time;

    b.   A significant reduction in the number of nightmares or night terrors suffered by A.A.;

    c.   Significantly fewer tantrums and/or outbursts when A.A. became upset or agitated as a result of situations or stimuli;

    d.   In instances in which A.A. became upset or agitated, he was able to calm himself;

    e.   A.A. did not have a tendency to bite or scratch when he became upset or agitated;

    f.   A.A. enjoyed attending school and riding the bus;

    g.   A.A. enjoyed being around people and demonstrated affection toward family and friends;

    h.   A.A. was able to attend medical appointments with no issue;

    i.   A.A. did not fear visiting new places or buildings; and

    j.   Though essentially nonverbal, A.A. was able to communicate his wants and needs through other means.

21.     Autistic children, like A.A., are generally sensitive and regress socially and behaviorally if subjected to abuse, as they are unable to cope with such trauma.

A. **As a student in Bell's classroom, A.A. is targeted by Bell and Trickett and is forced to endure consistent and repeated physical, mental, and emotional abuse at their hands.**

22.     For the 2018 – 2019 school year, A.A. was enrolled in the SESC preschool program at Brimfield.  Bell was a preschool teacher and Trickett was Bell's aide in the SESC preschool program at Brimfield.  Both Bell and Trickett were employees of SESC.

23.     Of the twenty-plus students in Bell's class, four (4), including A.A., were autistic. The remaining members of the class had no known disabilities.

24.     Beginning in or around September 2018 and continuing until she was removed from A.A.'s classroom and placed on paid leave on March 7, 2019, Bell specifically targeted A.A. for physical, mental, and emotional abuse by engaging in the following reckless, malicious, and wanton misconduct that included, but was not limited to, the following:

    a.   Forcing A.A. to bite himself over his hands and arms leaving marks and bruises;

    b.   Forcing A.A. to scratch himself across his arms, chest, and stomach leaving scratch marks of varying severity to the point of drawing blood;

    c.   Spanking and striking A.A.;

    d.   Kicking A.A.'s legs out from underneath him in the school's gym in front of multiple witnesses, resulting in A.A. falling to the ground;

    e.   Taking A.A. to the bathroom and engaging in physical conduct that resulted in A.A. incurring a bloody lip;

    f.   Permitting A.A. to dangle upside down in his therapeutic chair for extended periods of time as a form of "punishment", while A.A screamed and cried, which was observed by the other children in the classroom;

g. Drawing all over A.A.'s body in marker as a form of punishment, and forcing A.A. to spend the rest of the school day enduring stares and mockery from the other children as a result of the marker drawings on his body;

h. Repeatedly taunting A.A. by taking from him his comfort toy (a Mickey Mouse stuffed animal), holding it above his head and asking A.A. if he "wanted Mickey back", forcing A.A. to jump in an attempt to get Mickey and throwing Mickey into the hall where Mickey would stay for hours and often be found by other teachers and students with Bell intending such conduct to provoke A.A. into escalating behaviors to the point A.A. would cry and scream uncontrollably; and

i. Yelling and screaming insults at A.A., including, but not limited to, calling A.A. "stupid" and "gross," and telling him he was "terrible."

25. Bell's physical, mental, and emotional abuse was directed almost exclusively at A.A. and, on occasion, at the other autistic children in the classroom. Bell did not physically, mentally, or emotionally abuse nonautistic/nondisabled students in her class. Rather, Bell maliciously, intentionally, and wantonly focused her abuse on the autistic children, primarily A.A., targeting them because of their disability with the intent of provoking and startling them into escalating behaviors and inflicting physical, mental, and emotional pain upon them.

26. On another occasion, one of the other autistic children in Bell's class brought cupcakes to school to celebrate his birthday. Bell refused to celebrate the child's birthday until this child left the classroom, at which time Bell quickly handed out the cupcakes, had the class sing happy birthday, and eat the birthday treat, all in the absence of the child whose birthday was to be celebrated. When the child returned to class, Bell made the students finish eating their

9

cupcakes in his presence and refused to allow the birthday child to eat one of the cupcakes that he brought to share with his class.

27.     At all relevant times herein, Trickett was one of Bell's aide in A.A.'s classroom. Trickett not only witnessed the targeted abuse of A.A. by Bell and failed to intervene, but also actively participated in physically, mentally, and emotionally abusing A.A. by engaging in malicious, intentional, and wanton misconduct that included, but was not limited to, the following:

    a.  Forcing A.A. to bite himself over his hands and arms leaving marks and bruises;

    b.  Forcing A.A. to scratch himself across his arms, chest, and stomach leaving scratch marks of varying severity to the point of drawing blood;

    c.  Permitting A.A. to dangle upside down in his therapeutic chair for extended periods of time as a form of "punishment" while A.A, screamed and cried and which was observed by the other children in the classroom; and

    d.  Repeatedly taunting A.A. by taking from him his Mickey Mouse comfort toy, holding it above his head and asking A.A. if he "wanted Mickey back" forcing A.A. to jump in an attempt to get Mickey and throwing Mickey into the hall where Mickey would stay for hours and often be found by other teachers and students with Trickett intending such conduct to provoke A.A. into escalating behaviors to the point A.A. would cry and scream uncontrollably.

28.     Upon information and belief, Trickett's physical, mental, and emotional abuse was directed exclusively at A.A.   Trickett did not physically, mentally, or emotionally abuse nonautistic/nondisabled students in Bell's class.   Rather, Trickett focused her abuse on A.A., targeting him because of his disability with the intent of provoking and startling him into escalating behaviors and inflicting physical, mental, and emotional pain upon him.

10

29.     Both Bell and Trickett acted maliciously, intentionally, and with a wanton and deliberate indifference to the rights of A.A. and, as a result of their targeted physical, mental, and emotional abuse, severely injured A.A.

> **B.     Multiple Individuals Repeatedly Reported the Abuse that Bell and Trickett Inflicted Upon A.A. to SESC, Meeker, Nowak, and/or Fazio, but SESC, Meeker, Nowak, and Fazio did Nothing, Thereby Acquiescing to and Condoning the Continued Abuse of A.A.**

30.     In addition to Trickett, Bell had at least one more aide in her classroom.  On January 23, 2019, this aide reported to Meeker and Nowak via email that A.A. was the victim of physical, mental, and emotional abuse at the hands of Bell and Trickett.

31.     On January 28, 2019, Meeker observed both Brimfield preschool classes for approximately twenty (20) minutes.  No further action was taken by SESC, Meeker, Nowak, or Fazio to investigate the abuse of A.A. by Bell and Trickett reported to SESC, Meeker, and Nowak on January 23, 2019.

32.     Later that very day, the same aide reported to SESC and Meeker via text message that Bell physically abused A.A. by scratching A.A.'s body after Meeker observed Bell's preschool class.

33.     No action was taken by SESC or Meeker to investigate or report the abuse of A.A. that SESC and Meeker learned of on January 28, 2019.

34.     On February 1, 2019, the teacher of the other Brimfield preschool class contacted SESC and Meeker via text to ensure proper action was being taken by SESC/Meeker to address the abuse of A.A. that was reported to SESC, Meeker, and Nowak on January 23, 2019, and January 28, 2019.  The other Brimfield preschool teacher reminded SESC and Meeker in this text that they are a "mandatory reporter", and thus, required by law to report A.A.'s abuse to appropriate authorities pursuant to Ohio Revised Code § 2151.421.

35.     Meeker responded to this text by stating: "thanks. I am working on this today. I appreciate your insight."  Despite Meeker's representation that she and SESC were addressing the reported abuse of A.A., no action was taken by SESC and Meeker.

36.     On February 13, 2019, the other Brimfield preschool teacher observed Bell physically abuse A.A. in the gym by kicking his legs out from underneath him, pushing A.A. to the floor, jumping on top of A.A., and scratching him to such an extent that this teacher, from across the gym, was able to see red marks on A.A.'s body where Bell was scratching A.A.  This teacher again contacted SESC and Meeker via text on February 13, 2019, stating that she wanted to speak with Meeker about the incident she witnessed in the gym.

37.     On February 14, 2019, the other Brimfield preschool teacher and Meeker met in Meeker's office at 1:30 p.m., at which time this teacher communicated to Meeker the abuse of A.A. she observed on February 13, 2019, and which is described in the preceding paragraph of this Complaint.  Meeker documented what this teacher communicated to her at this meeting and assured this teacher the situation was being handled and that Fazio, SESC's Director of Student Services, was involved.  However, no action was taken by SESC, Meeker, or Fazio.

38.     On February 27, 2019, the other Brimfield preschool teacher observed A.A. and Bell walk into the gym after all other preschool students had begun playing.  As they entered the gym, this teacher observed that A.A.'s body was covered in marker.  This teacher confronted Bell asking her why A.A.'s body was covered in black marker, at which time Bell admitted that she drew on A.A.'s body as a form of punishment.  Thereafter, at the end of the gym period, Bell and Trickett took A.A. to a corner of the gym where Bell and Trickett forced A.A. to repeatedly bite himself as a punishment.

39.     On February 28, 2019, the other Brimfield preschool teacher, frustrated and perplexed that SESC, Meeker, Nowak, and Fazio, in reckless and wanton disregard of their legal obligations and professional and moral responsibilities, took no action to stop Bell's and Trickett's physical, mental, and emotional abuse of A.A., despite multiple reports of this malicious, intentional, reckless, wanton, and illegal conduct, contacted a trusted mentor to ask for advice as to how to handle this horrific situation.

40.     After speaking to her mentor on the phone, the other Brimfield preschool teacher called SESC and Meeker, reported the abuse of A.A. that she observed on February 27, 2019.  This teacher also communicated to SESC and Meeker that she no longer felt comfortable working at Brimfield due to the constant and repeated abuse of A.A. by Bell and Trickett and SESC's failure to take action to address the situation, despite repeated reports to SESC, Meeker, Nowak, and Fazio of A.A.'s abuse.

41.     In response, Meeker visited Brimfield and had a closed-door meeting with Bell on February 28, 2019. Later that afternoon at dismissal, one of the other Brimfield preschool teacher's students asked Bell why she was not at lunch that day.  In response to this question, and in front of Trickett, the other Brimfield preschool teacher, an aide, a substitute teacher, and other students, Bell stated: "I was meeting with my supervisor and I got in trouble."  When the student asked why Bell got in trouble, Bell responded: "For being a horrible, horrible person.  Do you know what that means?"  The other Brimfield preschool teacher reported the substance of this conversation to SESC and Meeker via text message. In response, Meeker informed Bell that she was to report directly to SESC's main office on March 4, 2019.

42.     On March 1, 2019, Bell had a meeting with SESC's human resources department and was told to report to SESC's facility in Cuyahoga Falls, Ohio, where, upon information and

belief, Bell was required to watch certain video(s), as identified in the March 4, 2019, Letter of Reprimand attached hereto and incorporated herein as **Exhibit 1**. Upon Bell's completion of the "training" identified in the Letter of Reprimand, it was the intent of SESC to allow Bell to return to the Brimfield Preschool Program and teach A.A. notwithstanding SESC's knowledge that Bell physically, mentally, and emotionally abused A.A.

43.     Despite being mandated reporters, SESC, Meeker, Nowak, and Fazio failed to report the abuse of A.A. by Bell and Trickett to the appropriate authorities, as required by Ohio Revised Code § 2151.421

> C.     *The other Brimfield Preschool Teacher and Bell's other Aide are Forced to Contact Portage Children Services Agency ("PCSA") to Report A.A.'s Abuse due to SESC's Failure to Take any Action Necessary to Keep A.A. Safe.*

44.     On multiple occasions, beginning on January 23, 2019, teachers and aides at SESC's preschool program at Brimfield reported Bell's and Trickett's abuse of A.A. to SESC, Meeker and Nowak, SESC's Student Services/Preschool Coordinators, who, in turn, relayed this information to Fazio, SESC's Director of Student Services.  However, for a prolonged period of time, no action was taken by SESC, Meeker, Nowak, or Fazio.  No meaningful investigation took place and no corrective action was taken to protect A.A. from further abuse by Bell and Trickett.

45.     Further, despite SESC's, Meeker's, Nowak's, and Fazio's professional responsibilities and legal duty, pursuant to Ohio Revised Code § 2151.421, to report to the appropriate authorities the physical, mental, and emotional abuse suffered by A.A. at the hands of Bell and Trickett while attending SESC's Brimfield preschool program, neither SESC, Meeker, Nowak, nor Fazio made such a report, such failure demonstrating a reckless and wanton disregard of their legal and professional duties and responsibilities, as well as the legally protected rights of A.A. and his parents, N.A. and S.A.

14

46.     Not only did SESC, Meeker, Nowak, and Fazio fail to report A.A.'s abuse to the appropriate authorities, SESC, Meeker, Nowak, and Fazio never informed A.A.'s parents, N.A. and S.A., of the physical, mental, and emotional abuse A.A. suffered while a student in SESC's Brimfield preschool program, such failure demonstrating a reckless and wanton disregard of their legal duties and professional and moral obligations and responsibilities, as well as the legally protected rights of A.A. and his parents, N.A. and S.A.

47.     On March 6, 2019, the other Brimfield preschool teacher and Bell's other aide separately contacted PCSA and reported the physical, mental, and emotional abuse suffered by A.A.  The other Brimfield preschool teacher and Bell's other aide were compelled to contact PCSA **_after_ they learned that _SESC officials intended to return Bell to A.A.'s classroom_ on March 11, 2019**.  *See* **Exhibit 1**.

48.     Shockingly, despite SESC's, Meeker's, Nowak's, and Fazio's knowledge that Bell had repeatedly physically, mentally, and emotionally abused A.A., it was SESC's, Meeker's, Nowak's, and Fazio's intent to permit Bell to return to the Brimfield preschool program and continue teaching A.A., in deliberate indifference to A.A.'s constitutional and legal rights.

49.     SESC's bad faith attempt to conceal the physical, mental, and emotional abuse suffered by A.A. from A.A.'s parents, N.A. and S.A., and the appropriate authorities failed only after PCSA became involved and thereafter informed N.A. and S.A. of the abuse A.A. suffered while attending SESC's Brimfield Preschool Program.

50.     Only after PCSA was contacted did SESC permanently remove Bell and Trickett from A.A.'s class.  Thereafter, Bell returned to Brimfield to collect her things, during which time she entered the staff lunchroom which was filled with other Brimfield teachers and aides.

15

51.     In the lunchroom, Bell asked those present who had "ratted" her out.  When asked if the accusations relative to her abuse of A.A. were true, Bell admitted they were, but insisted that those who reported her physical, mental, and emotional abuse of A.A. to PCSA should have kept their mouths shut.

### D.     Bell and Trickett are Charged with Assault and Child Endangerment in Connection with Their Abuse of A.A.

52.     Ultimately, both PCSA and the Brimfield Township Police Department investigated Bell's and Trickett's conduct as it related to the physical, mental, and emotional abuse of A.A.

53.     Upon completion of the Brimfield Township Police Department investigation, Bell was charged in Portage County Municipal Court, Case No. K2019CRB756, with Assault, pursuant to R.C. § 2903.13, and Child Endangerment, pursuant to R.C. § 2919.22(B)(1), relative to her abuse of A.A.  *See* Complaint for Assault, attached hereto and incorporated here as **Exhibit 2**, and Complaint for Child Endangerment, attached hereto and incorporated herein as **Exhibit 3**.

54.     Bell entered a plea of not guilty to the charges of Assault and Child Endangerment. A bench trial was held in December 2019.  On April 22, 2020, Bell was found guilty of Assault and Child Endangerment for the abuse she inflicted upon A.A.  Bell was referred to the Portage County Adult Probation Department for a Presentence Investigation by the Court.  *See* April 22, 2020, Judgment Entry, attached hereto and incorporated herein as **Exhibit 4**.

55.     Upon completion of the Brimfield Township Police Department investigation, Trickett was charged in Portage County Municipal Court, Case No. K2019CRB753, with Assault, pursuant to R.C. § 2903.13, and Child Endangerment, pursuant to R.C. § 2919.22(B)(1), relative to her abuse of A.A.  *See* Complaint for Assault, attached hereto and incorporated herein as **Exhibit 5**, and Complaint for Child Endangerment, attached hereto and incorporated herein as **Exhibit 6**.

56.     On October 31, 2019, Trickett pled guilty to Assault for knowingly causing or attempting to cause physical harm to A.A., to wit, forcing A.A. to bite himself and scratch himself on his stomach.  *See* October 31, 2019, Guilty Plea attached hereto and incorporated herein as **Exhibit 7**.

57.     On November 25, 2019, Trickett was sentenced to 180 days in jail (suspended), 30 days of electronically monitored house arrest, placed on supervised probation for one (1) year, was required to attend mental health counseling, and is prohibited from obtaining employment in which Trickett would have interaction with the elderly, children, or persons with special needs/disabilities.  *See* November 25, 2019, Sentencing Judgment Entry, attached hereto and incorporated herein as **Exhibit 8**.

> E.     ***The Abuse A.A. Suffered at the Hands of Bell and Trickett Resulted in Significant and Permanent Injuries to A.A.***

58.     Due to the physical, mental, and emotional abuse A.A. suffered as a result of Bell's and Trickett's conduct, and SESC's, Meeker's, Nowak's, and Fazio's failure to properly train, supervise, and discipline Bell and Trickett to protect A.A. from their malicious conduct, A.A. regressed in a number of important life-controlling areas including, but not limited to:

    a.   The inability to sleep for days at a time;

    b.   When able to sleep, A.A. suffers from nightmares or night terrors;

    c.   A.A. now engages in significantly more tantrums and/or outbursts when upset or agitated as a result of situations or stimuli.

    d.   In instances in which A.A. becomes upset, he is incapable of calming himself until the situation ends or the stimuli is removed;

    e.   A.A. frequently bites and scratches others, including his parents, when he becomes upset or agitated;

f.   A.A. becomes despondent and throws fits before leaving his home to attend school;

g.   A.A. now refuses to ride the bus and has to be taken to school by his parents;

h.   A.A. becomes agitated and anxious when he is around more than a few people and refuses to leave his parents' presence;

i.   A.A. no longer demonstrates affection as frequently as he did before enduring the physical, mental, and emotional abuse;

j.   A.A. becomes extremely anxious and upset when he attends medical appointments;

k.   A.A. becomes extremely anxious and upset when visiting new places or buildings; and

l.   A.A. is no longer able to communicate his wants and needs but rather becomes immediately enraged and upset when he does not have something he wants or needs.

59.   Neither SESC nor any of the other Defendants ever informed N.A. and S.A. of the abuse A.A. was suffering due to Bell's and Trickett's malicious and intentional misconduct.  As a result, during the 2018 – 2019 school year, neither N.A. nor S.A. maintained any understanding as to why A.A. was regressing and assumed it was simply a result of A.A.'s disability.  Both N.A. and S.A. feared A.A. would be incapable of further progress in the future due to his significant regression.  Further, N.A. and S.A. attempted to modify the manner in which they parented A.A. with the hope that A.A.'s regression would end.  Now, N.A. and S.A. know that A.A. suffered and regressed as a result of the abuse he suffered by Bell and Trickett, which was ignored and/or

condoned by SESC, Meeker, Nowak, and Fazio. A.A. continues to suffer from the above-referenced injuries caused by Defendants to this very day.

60. A.A. suffered physical, emotional, and psychological injuries as a direct and proximate result of Defendant's unlawful conduct and the physical, mental, and emotional abuse he suffered while attending SESC's Brimfield preschool program.

61. As a direct and proximate result of Defendants' unlawful conduct and the physical, mental, and emotional abuse inflicted upon A.A. while attending SESC's Brimfield preschool program, N.A. and S.A suffered emotional and psychological injuries, as well as a loss of filial consortium.

### F. SESC's Failure to Train and Supervise Bell and Trickett Directly Resulted in the Physical, Mental, and Emotional Abuse of A.A.

62. SESC did not properly train and supervise Bell and Trickett to teach A.A or to care for his special needs as required by his disability. SESC's failure to train and supervise Bell and Trickett constituted a gross deviation from accepted practices for caring for autistic/disabled children.

63. Not only did Bell and Trickett unlawfully physically, mentally, and emotionally abuse A.A., they repeatedly exposed A.A. to aversive interventions without the expressed written consent of N.A. and S.A in violation of federal and Ohio law.

64. Neither Bell nor Trickett based their use of aversive interventions against A.A. on any professionally accepted practices. Rather, Bell and Trickett used aversive interventions to intentionally exacerbate A.A.'s anxiety, fear, and to provoke him into tantrums. Bell's and Trickett's conduct was malicious, intentional, and demonstrated a wanton disregard for the legally protected rights of A.A. and his parents, N.A. and S.A.

65.     Had SESC, Meeker, Nowak, and/or Fazio properly trained and/or supervised Bell and Trickett, the abuse suffered by A.A. would have been prevented, eliminated, or significantly diminished.  SESC's, Meeker's, Nowak's, and Fazio's failure to properly train and/or supervise Bell and Trickett constitutes a wanton and reckless disregard of the legally protected rights of its autistic/disabled students, including A.A.

66.     Had SESC Meeker, Nowak, and/or Fazio conducted an appropriate investigation of or reported to authorities the abuse suffered by A.A. when it was first reported to Meeker, Nowak, and SESC on January 23, 2019, A.A. would not have suffered any further abuse thereafter.  Instead, due to SESC's, Meeker's, Nowak's, and Fazio's failure to act, A.A. was the victim of physical, mental, and emotional abuse for more than an additional month, causing his injuries and regression to significantly worsen.  SESC's, Meeker's, Nowak's, and Fazio's failure to take action to prevent any further abuse of A.A. by Bell and/or Trickett constitutes a wanton and reckless disregard of SESC's, Meeker's, Nowak's, and Fazio's legal and professional responsibilities and duties as well as A.A.'s legally protected rights.

67.     SESC's, Meeker's, Nowak's, and Fazio's response to the reported abuse was akin to no response at all and demonstrated a reckless and wanton disregard of their legal and professional responsibilities and duties, as well as a deliberate indifference to A.A.'s, N.A.'s, and S.A.'s legally protected rights.  Due to the ineptitude of SESC's, Meeker's, Nowak's, and Fazio's response to the reported abuse Bell and Trickett inflicted upon A.A., and their fear of the abuse A.A. would suffer when Bell was scheduled to return to A.A.'s classroom on March 11, 2019, the other preschool teacher and Bell's other aide separately contacted PCSA.

68.     SESC Meeker, Nowak, and Fazio never informed A.A.'s parents, N.A. and S.A., of the abuse that their son was forced to endure from, at a minimum, September 2018 through

20

March 2019, due to SESC's, Meeker's, Nowak's, and Fazio's conscious and reckless failure to properly train and supervise Bell and Trickett.  In fact, SESC, Meeker, Nowak, and Fazio intentionally and in bad faith concealed this information from N.A. and S.A., who for the first time were informed of the physical, mental, and emotional abuse being inflicted upon their son by PCSA on March 6, 2019, more than six (6) weeks after SESC, Meeker, Nowak, and Fazio were first informed of the abuse of A.A.

69.     SESC's, Meeker's, Nowak's, and Fazio's failure to properly train and supervise Bell and Trickett directly and proximately caused A.A. to suffer physical, mental, and emotional injuries and directly and proximately caused N.A. and S.A. to suffer mental and emotional injuries.

## V.     CAUSES OF ACTION

### COUNT ONE

*42 U.S.C. § 1983: DENIAL OF A.A.'S FOURTH AMENDMENT RIGHTS*

*(UNREASONABLE SEIZURE)*

**(ALL DEFENDANTS)**

70.     Plaintiffs incorporate paragraphs 1 – 69 of this Complaint as if fully rewritten herein.

71.     A.A., like all United States citizens, has a constitutional right to be free from unreasonable seizures.

72.     SESC, Bell, Trickett, Meeker, Nowak, and Fazio deprived A.A. of his constitutional right to be free from unreasonable seizures by, solely as a form of punishment, strapping A.A. into a special, therapeutic chair and allowing A.A. to dangle, upside down, in this chair for extended periods of time, as well as other malicious and abusive conduct towards A.A. as otherwise described in this Complaint.

21

73. Bell and Trickett acted unlawfully and maliciously and Meeker, Nowak, and Fazio, as supervisors and final decision and policy-makers for SESC: (1) acquiesced in, ratified, and/or condoned such conduct; (2) deliberately failed to train Bell and Trickett to safeguard against such constitutional deprivations; and (3) deliberately failed to supervise Bell and Trickett to safeguard against such constitutional deprivations.

74. By their actions, as described herein, Defendants, as a part of a custom, policy and/or practice, subjected A.A. to the deprivation of the rights, privileges, or immunities secured by the Constitution and law.

75. As a direct and proximate result of the violations of A.A.'s constitutional rights, A.A. is entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees pursuant to 42 U.S.C. §1988, and any other relief this Court deems just and equitable.

## COUNT TWO

### *42 U.S.C. § 1983: DENIAL OF A.A.'s FOURTEENTH AMENDMENT RIGHTS*
### *(SUBSTANTIVE DUE PROCESS)*

### (ALL DEFENDANTS)

76. Plaintiffs incorporate paragraphs 1 – 75 of this Complaint as if fully rewritten herein.

77. A.A., like all United States citizens, has a constitutional right to personal privacy, bodily security/integrity, and to be free from excessive corporal punishment in the school setting.

78. Defendants violated A.A.'s constitutionally protected right to personal privacy, bodily security/integrity, and to be free from excessive corporal punishment in the school setting when Bell and Trickett physically, mentally, and emotionally abused A.A. as detailed herein, and

22

Meeker, Nowak, and Fazio, as supervisors and final decision and policy-makers for SESC: (1) acquiesced in, ratified, and/or condoned such conduct; (2) deliberately failed to train Bell and Trickett to safeguard against such constitutional deprivations; and (3) deliberately failed to supervise Bell and Trickett to safeguard against such constitutional deprivations.

79.     Defendants' conduct was arbitrary, lacked any and all pedagogical purpose, and was of such an extreme nature as to shock the conscience.

80.     By their actions, as described herein, Defendants, as a part of a custom, policy and/or practice, subjected A.A. to the deprivation of the rights, privileges, or immunities secured by the Constitution and law.

81.     As a direct and proximate result of the violations of A.A.'s constitutional rights, A.A. is entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees pursuant to 42 U.S.C. §1988, and any other relief this Court deems just and equitable.

## COUNT THREE

### *42 U.S.C. § 1983: DENIAL OF A.A.'s FOURTEENTH AMENDMENT RIGHTS*

### *(EQUAL PROTECTION)*

### (ALL DEFENDANTS)

82.     Plaintiffs incorporate paragraphs 1 – 81 of this Complaint as if fully rewritten herein.

83.     A.A. and his parents, N.A. and S.A., like all United States citizens, have the right to equal protection under the laws.

84.     Without any rational relationship to any legitimate governmental purpose or pedagogical purpose, each Defendant treated A.A. differently due to his disability than they treated nondisabled children in SESC's Brimfield preschool program.

85.     Bell and Trickett physically, mentally, and emotionally abused A.A., as detailed in this Complaint, from September 2018 through March 2019, and possibly at other times.  Bell and Trickett targeted A.A. for abuse because of his disability.  Bell and Trickett did not physically, mentally, or emotionally abuse any nondisabled children in their classroom.  Meeker, Nowak, and Fazio as supervisors and final decision and policy-makers for SESC: (1) acquiesced in, ratified, and/or condoned such conduct; (2) deliberately failed to train Bell and Trickett to safeguard against such constitutional deprivations; and (3) deliberately failed to supervise Bell and Trickett to safeguard against such constitutional deprivations.

86.     Upon information and belief, Plaintiffs allege that Defendants had a pattern and practice of treating autistic/disabled students and their families differently than nonautistic/nondisabled children and their families.

87.     Defendants' intentional disparate treatment of A.A. and his parents, N.A. and S.A., constituted a violation of their constitutionally protected right to equal protection under the laws.

88.     By their actions, as described herein, Defendants, as a part of a custom, policy and/or practice, subjected A.A. to the deprivation of the rights, privileges, or immunities secured by the Constitution and law.

89.     As a direct and proximate result of the violations of A.A.'s constitutional rights, A.A. is entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees pursuant to 42 U.S.C. §1988, and any other relief this Court deems just and equitable.

## COUNT FOUR

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

### (29 U.S.C. § 794)

**(ALL DEFENDANTS)**

90.     Plaintiffs incorporate paragraphs 1 – 89 of this Complaint as if fully rewritten herein.

91.     SESC receives federal financial assistance and is a covered entity for purposes of § 504 of the Rehabilitation Act of 1973.

92.     A.A. is a qualified person with a disability for purposes of Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 701, et seq.

93.     A.A. was subjected to discrimination while attending SESC's Brimfield preschool program.  Specifically, A.A. was targeted by Bell and Trickett because of his disability and was subjected to physical, mental, and emotional abuse at their hands and as detailed herein.

94.     Neither Bell nor Trickett discriminated against nonautistic/nondisabled children in the classroom but rather discriminated against A.A. based solely on his autism/disability.

95.     Meeker, Nowak, and Fazio, as supervisors and final decision and policy-makers for SESC, acquiesced in, ratified, and/or condoned such conduct and, when notified of the physical, mental, and emotional abuse A.A. suffered solely because of the discriminatory conduct exhibited by Bell and Trickett, Meeker, Nowak, and Fazio failed to address the allegations in any meaningful way, thus permitting the abuse and discrimination to continue.

96.     Defendants acts and omissions as identified herein were in violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

97.     As a direct and proximate result of Defendants' violation of A.A.'s rights under Section 504 of the Rehabilitation Act of 1973, A.A. is entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive

damages to the extent applicable, attorney fees pursuant to 29 U.S.C. § 794a, and any other relief this Court deems just and equitable.

### COUNT FIVE

### *VIOLATION OF THE AMERICANS WITH DISABILITES ACT*

### *(*42 U.S.C. § 12101, et seq.)

### (ALL DEFENDANTS)

98. Plaintiffs incorporate paragraphs 1 – 97 of this Complaint as if fully rewritten herein.

99. SESC receives federal funds.

100. A.A. is a qualified person with a disability for purposes of the Americans with Disabilities Act ("ADA").

101. A.A. was subjected to discrimination while attending SESC's Brimfield preschool program.  Specifically, A.A. was targeted because of his disability by Bell and Trickett and subjected to physical, mental, and emotional abuse at their hands and as detailed herein.

102. Neither Bell nor Trickett abused and discriminated against nonautistic/nondisabled children in the classroom, but rather discriminated against A.A. based solely on his autism/disability.

103. Meeker, Nowak, and Fazio, as supervisors and final decision and policy-makers for SESC acquiesced in, ratified, and/or condoned such conduct and, when notified of the physical, mental, and emotional abuse A.A. suffered solely because of the discriminatory conduct exhibited by Bell and Trickett, Meeker, Nowak, and Fazio failed to address the allegations in any meaningful way, thus permitting the abuse and discrimination to continue.

104.     As a direct and proximate result of Defendants' violation of A.A.'s rights under the ADA, A.A. is entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees pursuant to 42 U.S.C. § 12205, and any other relief this Court deems just and equitable.

## COUNT SIX

### *FAILURE TO TRAIN, SUPERVISE, INVESTIGATE, AND DISCIPLINE / 42 U.S.C. § 1983 / MONELL*

### (SESC, MEEKER, NOWAK, FAZIO)

105.     Plaintiffs incorporate paragraphs 1 – 104 of this Complaint as if fully rewritten herein.

106.     SESC, Meeker, Nowak, and Fazio are final decision and policy-makers for purposes of 42 U.S.C. § 1983 liability.

107.     SESC, Meeker, Nowak, and Fazio each had duties to properly train, supervise, investigate, and discipline SESC teachers and other personnel in order to ensure the safety and well-being of students entrusted to their care and supervision, among other duties.

108.     Meeker, Nowak, and Fazio, as final decision and policy-makers for SESC, were deliberately indifferent to A.A.'s Constitutional and other rights through their failure to discharge these duties in part, by:

a.     Improperly training, authorizing, encouraging or directing teachers and other personnel on proper education, care, and discipline of autistic/disabled students, such as A.A.

b.     Failing to train employees how to properly and appropriately teach and discipline autistic/disabled students, such as A.A.

27

c.　　　Failing to supervise employees to ensure that they properly and appropriately taught, cared for, and disciplined autistic/disabled students, such as A.A.

d.　　　Failing to supervise employees to ensure autistic/disabled students, such as A.A., were not being subjected to physical, mental, and emotional abuse.

e.　　　Failing to investigate allegations of student abuse by teachers and other personnel.

f.　　　Failing to discipline employees for violations of policy related to education, care, and discipline of autistic/disabled students.

g.　　　Failing to train employees to report child abuse to the appropriate authorities, as mandated by Ohio law.

109.　SESC's failure to properly train, supervise, investigate, and discipline its employees in these respects demonstrates a deliberate indifference to the constitutional and legal rights of SESC's autistic/disabled students, such as A.A.

110.　SESC, Meeker, Nowak, and Fazio acted intentionally and under color of law in failing to adequately train, supervise, and discipline teachers and other personnel, including Bell and Trickett.

111.　SESC, Meeker, Nowak, and Fazio were repeatedly made aware of the abuse being inflicted upon A.A. and, as supervisors and final decision and policy-makers, failed to take the necessary steps to stop this abuse, such failure resulting in SESC, Meeker, Nowak, and Fazio disregarding a known and/or obvious consequence of this inaction—the continued abuse of A.A. by Bell and Trickett.

112.　Despite multiple and repeated reports to SESC, Meeker, Nowak, and Fazio of the abuse A.A. suffered by virtue of Bell's and Trickett's unlawful conduct, SESC, Meeker, Nowak,

and Fazio, as supervisors and final decision and policy-makers, consciously chose not to act on such reports, report A.A.'s abuse to the appropriate authorities, or notify A.A.'s parents of the abuse that was being inflicted upon their son.

113.    Despite multiple reports to SESC, Meeker, Nowak, and Fazio of the abuse inflicted upon A.A. by Bell and Trickett, SESC, Meeker, Nowak, and Fazio, as supervisors and final decision and policy-makers, refused to act on such reports, demonstrating a deliberate indifference to the constitutional and legal rights of A.A. and his parents, N.A. and S.A.

114.    SESC, Meeker, Nowak, and Fazio were deliberately indifferent to A.A.'s constitutional and other rights by failing to promulgate a policy to properly train employees, including Bell and Trickett, to prevent their unconstitutional, unlawful, conscious, and/or reckless mistreatment of disabled and autistic students.

115.    SESC has a policy and practice of neglecting the civil rights of its autistic/disabled students and/or exhibiting a deliberate indifference to the deprivation of its autistic/disabled students' constitutional and legal rights.  This policy and practice were a moving force behind Defendants' violations of the constitutional and legal rights of A.A. and his parents, N.A. and S.A.

116.    SESC has a policy and practice of failing to train employees to properly recognize and address the needs of its autistic and disabled students.  This policy and practice were a moving force behind Defendants' violations of the constitutional and legal rights of A.A. and his parents, N.A. and S.A.

117.    SESC has a policy and practice of failing to train and require its employees to report child abuse to the appropriate authorities, as mandated by Ohio law.  This policy and practice were a moving force behind Defendants' violations of the constitutional and legal rights of A.A. and his parents, N.A. and S.A.

118.    SESC has a policy and practice of failing to advise the parents of its of disabled and autistic students of abuse, suspected abuse, and mistreatment of their children.  This policy and practice were a moving force behind Defendants' violations of the constitutional and legal rights of A.A. and his parents, N.A. and S.A.

119.    There is an obvious need to train employees how to avoid abusing disabled and autistic students and to report abuse to the appropriate authorities and parents when it occurs. SESC's pattern and practice of failing to safeguard its disabled and autistic students was known to its policy-makers yet they failed to act until required to do so by law enforcement authorities.

120.    Had SESC, Meeker, Nowak, and Fazio properly trained, supervised, and disciplined their employees, including Bell and Trickett, they would have prevented Bell's and Trickett's physical, mental, and emotional abuse of A.A.

121.    SESC's, Meeker's, Nowak's, and Fazio's failure to properly train, supervise, and discipline their subordinate employees, including Bell and Trickett, were a moving force and proximate cause of Plaintiffs' injuries and the violation of A.A.'s constitutional rights as described herein.

122.    The acts and/or omissions of SESC, Meeker, Nowak, and Fazio were conducted within the scope of their official duties and employment and under color of law.

123.    The actions of SESC, Meeker, Nowak, and Fazio, as described herein, deprived A.A. of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, and caused him other lasting damages.

124.    As a direct and proximate result of the reckless and deliberate indifference SESC, Meeker, Nowak, and Fazio demonstrated to training, supervising, and disciplining its employees, and the policies and practices described herein, A.A. suffered physical, mental, and emotional

abuse at the hands of Bell and Trickett, resulting in a deprivation of A.A.'s, N.A.'s, and S.A.'s constitutional and legal rights, entitling Plaintiffs to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees pursuant to 42 U.S.C. §1988, and any other relief this Court deems just and equitable.

**COUNT SEVEN**

*ASSAULT*

**(BELL and TRICKETT)**

125. Plaintiffs incorporate paragraphs 1 – 124 of this Complaint as if fully rewritten herein.

126. Bell and Trickett willfully threatened and/or attempted to harm A.A. by engaging in the malicious and wanton misconduct toward A.A. as described in this Complaint.

127. A.A. reasonably feared he would be subjected to harm or offensive contact by Bell and Trickett.

128. Bell's and Trickett's malicious and wanton misconduct towards A.A. was harmful and offensive.

129. On April 22, 2020, Bell was found guilty of Assault and Child Endangerment for the abuse she inflicted upon A.A.  Bell was referred to the Portage County Adult Probation Department for a Presentence Investigation by the court.  *See* **Exhibit 4**.

130. On October 31, 2019, Trickett pled guilty to Assault for knowingly causing or attempting to cause physical harm to A.A.  *See* **Exhibit 8**.

131. As a direct and proximate result of Defendants' acts and omissions as identified herein, Plaintiffs are entitled to an award of compensatory damages in an amount in excess of

$75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.

## COUNT EIGHT

### *BATTERY*

### **(BELL and TRICKETT)**

132.    Plaintiffs incorporate paragraphs 1 – 131 of this Complaint as if fully rewritten herein.

133.    Bell and Trickett intentionally touched and applied force to the body of A.A.

134.    Bell's and Trickett's intentional touching and application of force to the body of A.A. was done without A.A.'s consent and was done in a harmful and/or offensive manner

135.    On April 22, 2020, Bell was found guilty of Assault and Child Endangerment for the abuse she inflicted upon A.A.  Bell was referred to the Portage County Adult Probation Department for a Presentence Investigation by the court.  *See* **Exhibit 4**.

136.    On October 31, 2019, Trickett plead guilty to Assault for knowingly causing or attempting to cause physical harm to A.A.  *See* **Exhibit 8**

137.    As a direct and proximate result of Defendants' acts and omissions as identified herein, Plaintiffs are entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.

## COUNT NINE

### *NEGLIGENT HIRING*

### **(SESC, Meeker, Nowak, Fazio)**

138.    Plaintiffs incorporate paragraphs 1 – 137 of this Complaint as if fully rewritten herein.

139.    All of the individual Defendants named in this Complaint are employees, deputies, and/or agents of SESC.

140.    All acts of the individual Defendants alleged above were conducted within the scope of the individual Defendants' employment or duties.

141.    SESC, Meeker, Nowak, and Fazio owed a duty of care to Plaintiffs to exercise reasonable care in hiring, retaining, and supervising its employees.

142.    SESC, Meeker, Nowak, and Fazio knew or should have known of Bell's and Trickett's propensities for abuse, assault, and battery at the time they were hired and prior to the time of the abuse, assault, and battery committed upon A.A.

143.    SESC, Meeker, Nowak, and Fazio failed to exercise reasonable care and perform adequate investigations of Bell and Trickett before hiring them and placing them in a classroom where they would have access to vulnerable individuals, such as A.A., against whom they could commit abuse, assault, and battery.

144.    As a direct and proximate result of Defendants' acts and omissions as identified herein, Plaintiffs are entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.


**COUNT TEN**

*NEGLIGENT RETENTION AND NEGLIGENT SUPERVISION*

**(SESC, Meeker, Nowak, Fazio)**

33

145.    Plaintiffs incorporate paragraphs 1 – 144 of this Complaint as if fully rewritten herein.

146.    All of the individual Defendants named in this Complaint are employees, deputies, and/or agents of SESC.

147.    All acts of the individual Defendants alleged above were conducted within the scope of the individual Defendants' employment or duties.

148.    SESC, Meeker, Nowak, and Fazio owed a duty of care to Plaintiffs to exercise reasonable care in hiring, retaining, and supervising its employees.

149.    SESC, Meeker, Nowak, and Fazio had a duty to supervise their employees, agents, and servants, including Bell and Trickett, and to not retain those persons who were unfit, including those with a propensity to commit acts of abuse, assault, and battery.

150.    SESC, Meeker, Nowak, and Fazio knew or should have known of Bell's and Trickett's propensity for abuse, assault, and battery prior to the times the incidents of abuse, assault, and battery by Bell and Trickett towards A.A. occurred.

151.    Meeker, Nowak, and Fazio were, at all times relevant herein, supervisors of Bell and Trickett and owed Plaintiffs a duty of care to properly supervise Bell and Trickett.

152.    Meeker, Nowak, and Fazio breached their duty of care by not properly supervising Bell and Trickett during the incidents in which they had opportunities to and/or did abuse A.A.

153.    Meeker, Nowak, and Fazio breached their duty of care by retaining Bell and Trickett after they knew or should have known of Bell's and Trickett's propensity for abuse, assault, and battery.

154.    As a direct and proximate result of Defendants' acts and omissions as identified herein, Plaintiffs are entitled to an award of compensatory damages in an amount in excess of

$75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.

## COUNT ELEVEN

### NEGLIGENCE PER SE: FAILURE TO REPORT ABUSE, PURSUANT TO OHIO REVISED CODE § 2151.421

### (ALL DEFENDANTS)

155.    Plaintiffs incorporate paragraphs 1 – 154 of this Complaint as if fully rewritten herein.

156.    Ohio Revised Code § 2151.421 places a duty upon an administrator or employee of a child day-care center, school teacher, a school employee, and/or a school authority, such as Defendants, "who is acting in an official or professional capacity and knows, or has reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that a child under eighteen years of age, or a person under twenty-one years of age with a developmental disability or physical impairment, has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child to immediately report that knowledge or reasonable cause to suspect…to the public children services agency or a peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred."

157.    Ohio Revised Code § 2151.421 specifically required Defendants to report the physical, mental, and emotional abuse inflicted upon A.A. by Bell and Trickett.

158.    Defendants intentionally and with deliberate indifference to the legal rights of Plaintiffs failed to report Bell's and Trickett's physical, mental, and emotional abuse of A.A. to the appropriate authorities.

35

159.    Ohio Revised Code § 2151.421 imposed that specific and mandatory reporting duty on Defendants for the safety and protection of A.A. and students like him.

160.    Defendants intentionally and with deliberate indifference to the legal rights of Plaintiffs failed to comply with the requirements of Ohio Revised Code § 2151.421.

161.    As a direct and proximate cause of Defendants' intentional violation of Ohio Revised Code § 2151.421, A.A. and his parents, N.A. and S.A., have suffered the type of injuries against which the statute was designed to protect.

162.    Defendants' intentional, reckless, and/or negligent violation of Ohio Revised Code § 2151.421 is a misdemeanor of the first degree and constitutes negligence *per se*.

163.    As a direct and proximate result of Defendants' acts and omissions as identified herein, Plaintiffs are entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.

## COUNT TWELVE

### *NEGLIGENCE PER SE: VIOLATION OF OHIO REVISED CODE § 2919.22*

### (ALL DEFENDANTS)

164.    Plaintiffs incorporate paragraphs 1 – 163 of this Complaint as if fully rewritten herein.

165.    Ohio Revised Code § 2919.22 specifically mandates that no person having custody or control of a child under 18 years of age shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support.

166.    Ohio Revised Code § 2919.22 further mandates that no person shall abuse such child; torture or cruelly abuse such child; or administer corporal punishment or other physical

disciplinary measure, or physically restrain such child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child; or repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development.

167. Defendants, by virtue of their roles and responsibilities in A.A.'s education, had custody and control of A.A. during school hours.

168. Defendants' conduct toward A.A., as detailed in this Complaint, was in direct violation of Ohio Revised Code § 2919.22.

169. A.A. suffered severe physical injuries, trauma, mental anguish, and significant emotional distress as a result of the physical, mental, and emotional abuse he suffered at the hands Bell and Trickett and SESC's, Meeker's, Nowak's, and Fazio's failure to take any action to protect A.A. from said abuse, notwithstanding SESC's, Meeker's, Nowak's, and Fazio's knowledge that such abuse was occurring and ongoing.

170. Defendants had a duty to protect A.A. from the physical, mental, and emotional abuse, assault, and battery he endured by virtue of Bell's and Trickett's misconduct and SESC's, Meeker's, Nowak's, and Fazio's failure to take any action to protect A.A.

171. Defendants' actions, as set forth herein, were committed with malicious purpose, in bad faith, or in a wanton or reckless manner.

172. Defendants' intentional, reckless, and/or negligent violation of Ohio Revised Code § 2919.22 constitutes negligence *per se*.

173. As a direct and proximate result of Defendants' acts and omissions as identified herein, Plaintiffs are entitled to an award of compensatory damages in an amount in excess of

$75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.

## COUNT THIRTEEN

### *CIVIL LIABILITY FOR VIOLATION OF OHIO REVISED CODE § 2151.421 AND OHIO REVISED CODE § 2919.22*

### (ALL DEFENDANTS)

174.    Plaintiffs incorporate paragraphs 1 – 173 of this Complaint as if fully rewritten herein.

175.    Ohio Revised Code § 2307.60 states: "…anyone injured in person or property by a criminal act has and may recover full damages in a civil action."  If allowed by Ohio common or statutory law, a person may also recover for attorney fees and punitive damages.

176.    Defendants were required to report the known and/or suspected abuse of A.A. by Bell and Trickett, as detailed herein, to the appropriate authorities pursuant to Ohio Revised Code § 2151.421.

177.    Failure to make such a mandatory report constitutes a violation of Ohio Revised Code § 2151.421 and is a misdemeanor of the fourth degree.

178.    Defendants' failure to report the known and/or suspected abuse of A.A. by Bell and Trickett to the appropriate authorities, as required by Ohio Revised Code § 2151.421, directly and proximately caused and/or exacerbated the significant and/or permanent injuries that Plaintiffs have suffered and continue to suffer.  As such, all Defendants are liable to Plaintiffs for the injuries they have suffered.

179.    Ohio Revised Code § 2919.22 specifically mandates that no person having custody or control of a child under 18 years of age shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support.

180.     Ohio Revised Code § 2919.22 further mandates that no person shall abuse such child; torture or cruelly abuse such child; or administer corporal punishment or other physical disciplinary measure, or physically restrain such child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child; or  repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development.

181.    Defendants, by virtue of their relationship with A.A., had custody and control of A.A. during school hours.

182.    Defendants' conduct toward A.A., as detailed in this Complaint, were in direct violation of Ohio Revised Code § 2919.22.

183.    A.A. suffered severe physical injuries, trauma, mental anguish, and significant emotional distress as a result of the physical, mental, and emotional abuse he suffered at the hands Bell and Trickett and SESC's, Meeker's, Nowak's, and Fazio's failure to take any action to protect A.A. from said abuse notwithstanding SESC's, Meeker's, Nowak's, and Fazio's knowledge that such abuse was occurring and ongoing.

184.    Defendants had a duty to protect A.A. from the physical, mental, and emotional abuse, assault, and battery he endured by virtue of Bell's and Trickett's misconduct and SESC's, Meeker's, Nowak's, and Fazio's failure to take any action to protect A.A.

39

185.    Defendants' actions, as set forth herein, were committed with malicious purpose, in bad faith, or in a wanton or reckless manner.

186.    As a direct and proximate result of Defendants' violations of Ohio Revised Code § 2151.421 and Ohio Revised Code § 2919.22 as identified herein, Plaintiffs are entitled to an award of compensatory damages pursuant to Ohio Revised Code § 2307.60 in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.

## COUNT FOURTEEN

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

### (ALL DEFENDANTS)

187.    Plaintiffs incorporate paragraphs 1 – 186 of this Complaint as if fully rewritten herein.

188.    The actions and omissions of Defendants as described herein were outrageous in character and so extreme in degree that this conduct exceeded the bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

189.    The actions and omissions of Defendants as described herein toward Plaintiffs were intentional or undertaken with a reckless disregard and caused Plaintiffs severe emotional distress.

190.    The actions and omissions of Defendants as described herein toward Plaintiffs were extreme and outrageous.

191.    The actions and omissions of Defendants toward Plaintiffs caused Plaintiffs to suffer severe and serious emotional distress beyond that which a reasonable person should be expected to endure

192.    As a direct and proximate result of Defendants' acts and omissions as identified herein, Plaintiffs are entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.

## COUNT FIFTEEN

### *LOSS OF CONSORTIUM*

### (ALL DEFENDANTS)

193.    Plaintiffs incorporate paragraphs 1 – 192 of this Complaint as if fully rewritten herein.

194.    As a direct and proximate result of the conduct of Defendants, N.A. and S.A., as the parents of A.A. have been damaged due to the deprivation of services, society, companionship, comfort, love, solace, and affection of their child, A.A.

195.    As a direct and proximate result of Defendants' acts and omissions as identified herein, Plaintiffs are entitled to an award of compensatory damages in an amount in excess of $75,000 to be fully determined at trial, an award of punitive damages to the extent applicable, attorney fees, and any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiffs pray that judgment be entered in their favor and against Defendants as follows:

A.      For violation of A.A.'s Fourth Amendment Rights under the United States Constitution (Count One), that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees pursuant to 42 U.S.C. § 1988; and any other relief this Court deems just and equitable.

B.     For violation of A.A.'s Substantive Due Process Rights as guaranteed by the Fourteenth Amendment of the United States Constitution (Count Two), that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees pursuant to 42 U.S.C. § 1988; and any other relief this Court deems just and equitable.

C.     For violation of A.A.'s Equal Protection Rights as guaranteed by the Fourteenth Amendment of the United States Constitution (Count Three), that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees pursuant to 42 U.S.C. § 1988; and any other relief this Court deems just and equitable.

D.     For violation of A.A.'s rights under Section 504 of the Rehabilitation Act of 1973 (Count Four), that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees pursuant to 29 U.S.C. § 794a; and any other relief this Court deems just and equitable.

E.     For violation of A.A.'s rights as protected by the Americans with Disabilities Act (Count Five), that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees pursuant to 42 U.S.C. § 12205; and any other relief this Court deems just and equitable.

F.     For the physical, mental, and emotional abuse suffered by A.A. as a direct and proximate result of SESC's, Meeker's, Nowak's, and Fazio's failure to properly and adequately train, supervise, and/or discipline Bell and Trickett (Count Six), that this Court enter

judgment against SESC, Meeker, Nowak, and Fazio in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees pursuant to 42 U.S.C. § 1988; and any other relief this Court deems just and equitable.

G.      For the assault undertaken by Bell and Trickett against A.A. (Count Seven), that this Court enter judgment against Bell and Trickett in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

H.      For the battery of A.A. by Bell and Trickett (Count Eight), that this Court enter judgment against Bell and Trickett in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

I.      For SESC's, Meeker's, Nowak's, and Fazio's negligent hiring of Bell and Trickett (Count Nine), that this Court enter judgment against SESC, Meeker, Nowak, and Fazio in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

J.      For SESC's, Meeker's, Nowak's, and Fazio's negligent retention and supervision of Bell and Trickett (Count Ten), that this Court enter judgment against SESC, Meeker, Nowak, and Fazio in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

K.      For Defendants' failure to report the physical, mental, and emotional abuse suffered by A.A. to the appropriate authorities as required by Ohio Revised Code § 2151.421, and

43

such failure constituting Negligence *Per Se* (Count Eleven), that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

L.    For Defendants' physical, mental, and emotional abuse, assault, and battery of A.A. in violation of Ohio Revised Code § 2919.22 constituting Negligence *Per Se* (Count Twelve), that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

M.    For Defendants' failure to report the physical, mental, and emotional abuse of A.A. to the appropriate authorities as required by Ohio Revised Code § 2151.421 and Defendants' physical, mental, and emotional abuse, assault, and battery of A.A. in violation of Ohio Revised Code § 2919.22 (Count Thirteen), that this Court enter judgment against Defendants pursuant to Ohio Revised Code § 2307.60 in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

N.    For the Intentional Infliction of Emotional Distress suffered by Plaintiffs, which was directly and proximately caused by the conduct of Defendants as detailed in this Complaint (Count Fourteen), that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

O.    For the Loss of Consortium of their son, A.A., which was directly and proximately caused by Defendants' conduct as detailed in this Complaint, N.A. and S.A. have

suffered injuries (Count Fifteen), and that this Court enter judgment against Defendants in an amount in excess of $75,000.00, to be determined at trial, as compensatory damages; punitive damages to the extent applicable; attorney fees; and any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLC


/s/Jude B. Streb
Jude B. Streb (#0071529)
Joshua E. O'Farrell (#0087061)
4277 Munson Street, NW
Canton, Ohio 44735-5548
Telephone:   (330) 492-8717
Fax:          (330) 492-9625
Email:        jstreb@bdblaw.com
              jofarrell@bdblaw.com

Counsel for Plaintiffs

CT2:771429_v1

45