IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A.A., *et al*., | ) | CASE NO. 5:20CV1074 |
| | ) | |
| Plaintiffs, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| SUMMIT EDUCATIONAL SERVICE CENTER, *et al*., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

The Portage County Department of Job and Family Services ("PCDJFS"), a non-party, has filed twelve volumes of records under seal for an *in camera* review pursuant to Ohio Revised Code § 2151.421. The records are the subject of a subpoena served by Defendant Michelle Trickett. The undersigned has conducted an *in camera* review of the records submitted. For the reasons explained below, the undersigned finds that documents related to the school abuse investigation that began on March 6, 2019, shall be disclosed, with certain redactions, and the remaining records shall not be disclosed because they are not relevant and/or the information could have been discovered by other means.

**I. Brief Factual Background**

Plaintiff A.A., a minor, and his parents, Plaintiffs N.A. and S.A., brought this civil rights action alleging that A.A., who is severely autistic and essentially nonverbal, was physically and emotionally abused by his teacher and teacher's aide, Defendants Ashlie Bell and Michelle Trickett, respectively, at his preschool run by Defendant Summit Educational Service Center ("SESC") located in Brimfield Township. In their Amended Complaint, Plaintiffs allege the following: the abuse began in September 2018; SESC school personnel reported the abuse to

1

their supervisors, Defendants Kimberly Meeker and Kristen Nowak; Meeker and Nowak, in turn, notified Defendant Kristin Fazio, SESC Director of Student Services; despite those reports, SESC failed to take necessary action to stop the abuse; and, on March 6, 2019, SESC school personnel, frustrated by SESC's failures to address the reported abuse, notified the Portage County Children Services Agency of the abuse.

The Portage County Children Services Agency opened an investigation on March 6 and worked with the Brimfield Township Police Department in conducting the investigation.  They notified A.A.'s parents of the reports.  On March 7, SESC relieved Bell and Trickett from their duties.  Bell and Trickett were subsequently charged in Portage County Municipal Court with assault and child endangerment with respect to A.A.  Bell was found guilty at trial of the charges and Trickett pleaded guilty to assault for knowingly causing or attempting to cause physical harm to A.A.

In their Amended Complaint, Plaintiffs seek damages against all Defendants for the physical and emotional abuse suffered by A.A.  They also allege that the abuse caused A.A. to regress behaviorally and that aspects of that regression continue to the present time.

## II. Present Procedural History

On December 8, 2020, Trickett issued a subpoena to PCDJFS, requesting,

> A complete copy of all records concerning A.A. and/or his family members.  This is to include, but is not limited to all phone calls, voicemails, audio and/or video recordings, photographs, interview [sic] (including notes, transcripts, and/or audio recordings), formal and informal reports, decisions, recommendations, findings, documentation, investigatory materials, evidence, and disposition(s) letters.

Doc. 62-2.[1]

---

[1] Trickett initially issued the subpoena in error to the Portage County Children Services Agency, which appears to be an agency within PCDJFS but which is not the custodian of records.  Trickett cured this error by issuing a new subpoena to the correct agency, PCDJFS.  See Doc. 60, Doc. 62-1.

PCDJFS filed a motion to quash, arguing, among other things, that, pursuant to R.C. 2151.421(H), the records are confidential and protected and, in the event the Court denied the motion to quash, the Court must conduct an *in camera* inspection to determine which, if any, records may be released.  Doc. 60.  Trickett filed an opposition brief, asserting that her request falls under an exception to the Ohio law cited by PCDJFS; namely, the documents are relevant and implicate her due process rights because she is entitled to pursue all relevant evidence which may support her defense.  She agreed that an *in camera* review of the documents is warranted.  Doc. 62.

During a telephone conference with counsel held on January 13, 2021, the undersigned instructed counsel for Trickett to communicate with counsel for Portage County to determine what was required to resolve this issue and to submit any such proposed order to the Court.  Doc. 67.  Counsel communicated and thereafter filed an agreed upon proposed order, which the undersigned issued, ordering PCDJFS to file, under seal, a complete, certified copy of A.A.'s records on file with PCDJFS for an *in camera* review.  Docs. 69, 71.  Thereafter, PCDJFS filed twelve volumes of documents, under seal, for the undersigned's review.  Docs. 73-84.

### III. Law and Analysis

Under R.C. § 2151.421(I), written records of investigations performed by public children's services agencies are confidential.  *See, e.g., Johnson v. Johnson*, 731 N.E.2d 1144, 1146 (Oh. Ct. App. 1999); *Richardson v. City of Cleveland*, 2013 WL 1742687, at *2 (N.D. Ohio Apr. 23, 2013).[2]  However, the confidentiality of such documents is not absolute.  *Id*. at *3 (citing *Johnson*, *supra*, and additional cases).  For instance,

---

[2]  When *Johnson* and *Richardson* were issued, the relevant subsection was R.C. § 2151.421(H).  That section is now R.C. § 2151.421(I).  It reads,

> (I)(1) Except as provided in divisions (I)(4) and (O) of this section, a report made under this section is confidential. The information provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or

3

> [A] court may conduct an *in camera* inspection of child abuse records and reports and also has the inherent power to order disclosure of such records and reports where (1) the records and reports are relevant to the pending action; (2) good cause for such a request has been established by the person seeking disclosure; and (3) where admission of the records and reports outweighs the confidentiality consideration set forth in R.C. 5153.17 and R.C. 2151.421(H)(1)…."Good cause" has been defined to mean "when it is in the best interests of the child or when the due process rights of other subjects of the record are implicated." Similarly, the possibility of disclosure outweighing confidentiality considerations was directed at providing for the protection of the child or exonerating someone incorrectly criminally accused.

*Id*. (citations and internal quotation marks omitted).

In *Richardson*, a minor student and her mother brought a civil rights action seeking damages against a school security officer based on allegations in the complaint that the security officer violently assaulted the student during class, causing significant injuries. *Id*. at *1. The security officer's answer laid out his version of events: that the student had physical assaulted him and all injuries to the student were due to his attempts to restrain her. *Id*. The officer served a subpoena upon the county child services agency directing it to produce "[t]he complete file and any additional documents and materials related to the investigation into allegations involving [the officer] and client # 7061028, completed on April 13, 2010." *Id*. at *2.

The court conducted an *in camera* review of the requested records and determined that the officer had demonstrated good cause to warrant the disclosure of redacted internal child services records documenting the county's investigation of the incident at the school involving the student and the officer. *Id*. at * 3. The court explained that the records were limited to the incident that formed the basis for the complaint and the records would assist the officer's expert witness to evaluate and defend against the claims. The court reiterated that the internal child

---

proceeding brought against the person who made the report. Nothing in this division shall preclude the use of reports of other incidents of known or suspected abuse or neglect in a civil action or proceeding brought pursuant to division (N) of this section against a person who is alleged to have violated division (A)(1) of this section, provided that any information in a report that would identify the child who is the subject of the report or the maker of the report, if the maker of the report is not the defendant or an agent or employee of the defendant, has been redacted. In a criminal proceeding, the report is admissible in evidence in accordance with the Rules of Evidence and is subject to discovery in accordance with the Rules of Criminal Procedure.

services documents at issue "relate only to the February 25, 2011 incident and involve the same individuals who are parties to the instant case," outweighing the confidentiality concerns set forth in § 2151.421. *Id*. The court also underscored the fact that sensitive information had been redacted, "including (1) the identity of the person(s) who reported the incident; (2) any communications between the County and [the student's] medical provider(s); (3) any communications between the County and law enforcement agencies; and (4) reference to previous history (if any) between the Richardson Family and CCDCFS." *Id*. Finally, the court found that disclosure of the remaining documents that had been provided for *in camera* review was not warranted, explaining that they were either not relevant to the claims in the complaint, already in the security officer's possession, or available to the officer through fact discovery. *Id*.

With R.C. § 2151.321(I) and *Richardson* in mind, the undersigned has conducted an *in camera* inspection of the twelve volumes of PCDJFS records.

In her brief in opposition to PCDJFS's motion to quash, Trickett explains that the records "may resolve or clarify discrepancies in the record" regarding statements she had made to the detective investigating the case as well as statements that a witness had made to the detective when interviewed during the investigation and when testifying at trial. Doc. 62, pp. 4-5. Because the interviews with Trickett and the witness (as well as other witnesses) are directly related to the incident at the heart of this case and could assist Trickett's defense of the claims against her, the undersigned finds that Trickett has shown good cause for the disclosure of PCDJFS records of the Portage County Children Services Agency's investigation of the reports of abuse of A.A. by Defendants Bell and Trickett, conducted with law enforcement, which was opened on March 6, 2019, and closed on April 19, 2019. Those records shall be disclosed with the following items redacted: the names and identifying information of the person(s) who

reported the incident, and any reference(s) to person(s) unrelated to the incident at issue in this case.

The remaining documents are not to be disclosed. The undersigned finds that the remaining documents either are not relevant to the claims set forth in the complaint or the information could have been discovered through other means.

### IV. Conclusion

For the reasons explained in this opinion, the undersigned will file on the docket under seal, but accessible to counsel, the portions of the record the undersigned has determined shall be disclosed with the redactions described above: Vol. 1 (redacted); Vol. 2 (redacted); Vol. 4 (unredacted); Vol. 5 (unredacted); Vol. 6 (redacted); Vol. 10 (redacted); Vol. 11 (redacted). These records are to be treated as confidential and used for purposes of this case only. See also Order, Doc. 71, p. 2.

IT IS SO ORDERED.

Dated: March 8, 2021

*/s/Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge